# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY LEAR, <br><br> Plaintiff, <br><br> vs. <br><br> LOUISVILLE LADDER, INC, a Delaware Corporation; et al., <br><br> Defendants. | CASE NO. 07cv1404 DMS (POR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** <br><br> **[Docket No. 6]** |

   This matter comes before the Court on Plaintiff's motion to remand this case to San Diego Superior Court. The Court found this motion suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court denies Plaintiff's motion.

**I.**

**BACKGROUND**

   On or about October 16, 2006, Plaintiff Bradley Lear ("Plaintiff") purchased an attic ladder designed, manufactured and assembled by Defendant Louisville Ladder, Inc. ("Defendant Louisville") at Defendant The Home Depot USA, Inc.'s ("Defendant Home Depot") retail store located at 12185 Carmel Mountain Road in San Diego, California. (Compl. at 4.) The ladder came with support straps for installation, along with nails provided by Defendant Louisville. (*Id.*)

   Plaintiff and his wife temporarily installed the ladder in their garage on November 12, 2006. (*Id.* at 5.) The following day, Plaintiff was attempting to complete the installation when the support straps failed, causing the ladder to fall from the rafters to the floor. (*Id.*) As the ladder fell, one of the

support straps and/or nails struck Plaintiff's right hand causing lacerations and severing several nerves and tendons in Plaintiff's hand and fingers. (*Id.*)

On June 13, 2007, Plaintiff filed the present Complaint in San Diego Superior Court alleging claims for strict liability and negligence. Plaintiff served Defendant Home Depot on June 25, 2007, and Defendant Louisville executed a Notice and Acknowledgment of Receipt on July 20, 2007. Thereafter, on August 1, 2007, Defendants filed a Notice of Removal of Plaintiff's Complaint in this Court. The case was originally assigned to the Honorable Napoleon A. Jones, Jr., reassigned to the Honorable Marilyn L. Huff, and is currently assigned to the Honorable Dana M. Sabraw.

Plaintiff filed the current motion to remand on August 8, 2007, Defendants filed their opposition on August 24, 2007, and Plaintiff filed his reply on September 6, 2007.

## II.
## DISCUSSION

Plaintiff asserts Defendants' notice of removal was untimely, therefore the case should be remanded to state court. The time for filing a notice of removal is set out in 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The plain language of the statute refers to "the defendant," which has caused considerable disagreement about what to do when there are multiple defendants that have been served on different dates. This case presents that question for this Court.

Neither the United States Supreme Court nor the Ninth Circuit has addressed this issue. Several circuit courts of appeal have, with the Fifth Circuit adopting the "first-served" rule, which provides, "'[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal.'" *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349*, 427 F.2d 325, 326-27 (5th Cir.

1970)). The court offered four reasons for establishing this rule. First, it stated "[t]he rule follows logically from the unanimity requirement," *id.* at 482, which requires "that all defendants in an action in state court must join in a petition for removal[.]" *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Second, the court stated the rule follows logically from "the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court." *Brown*, 792 F.2d at 482. Finally, the court found the "first-served" rule "is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal." *Id.* Other courts have offered another reason for applying the "first-served" rule, namely "that forum selection should be resolved as early as possible[.]" *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1227 (C.D. Cal. 2000).

In contrast to the Fifth Circuit, the Sixth and Eighth Circuits have adopted the "last-served" rule in which "the last-served defendant is allowed a full 30 days after being served to remove[.]" *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532 (6th Cir. 1999). *See also Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001). In adopting this rule, the Sixth Circuit relied on a decision from the Fourth Circuit. *See McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). In that case, the court set out several policy reasons for adopting the "last-served" rule. First, it stated "it did not believe Congress intended the inequity that would result from 'establishing one fixed deadline for defendants served as much as thirty days apart.'" *Brierly*, 184 F.3d at 533 (quoting *McKinney*, 955 F.2d at 927). Second, the court noted that in light of the 1988 amendment to § 1446(a), which subjected removal petitions to Federal Rule of Civil Procedure 11, "a rule that the last-served defendant has 30 days in which to remove a case to federal court is imperative. 'Otherwise, later served defendants will either have to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions.'" *Id.* (quoting *McKinney*, 955 F.2d at 928). The *Brierly* court found these rationales persuasive, and also found the "last-served" rule was more consistent with its interpretation of the statute. It stated:

> as a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert 'first' before 'defendant' into the language of the statute. We are naturally reluctant to read additional words into the statute, however. If Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided.

1  *Id.* (citation omitted).

2  Other courts have relied on these rationales, and others, in adopting the "last-served" rule. *See Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112 (N.D. Cal. 2006). In that case, the court was persuaded by the Sixth Circuit's statutory interpretation rationale, and also provided another rationale for adopting the "last-served" rule. It stated:

> the last-served rule prevents opportunistic pleading by the plaintiff. Under the contrary rule, a plaintiff could thwart removal by delaying the naming of certain defendants until after the first-named defendant's window of removal expires; by contrast, under the last-served rule, a plaintiff cannot gain any advantage with the timing or tactics of his pleadings.

*Id.* at 1118. *See also Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155, 1161 (E.D. Cal. 2002) (stating "last-served" rule "discourages plaintiffs from manipulating service in order to prevent an otherwise removable case from being litigated in federal court.") The *Smith* court also identified another rationale for adopting the "last-served" rule, namely that it "encourages a plaintiff who seeks to settle the forum early in the litigation to identify all defendants and serve them promptly." 191 F.Supp.2d at 1161.

The *Bonner* court also refuted the rationales offered in support of the "first-served" rule. It rejected the notion that "the failure of a first-served defendant to remove should be interpreted as a waiver of the right of removal and should preclude later-served defendants from removing the case." 461 F.Supp.2d at 1118 (citing *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1044 (D. Nev. 2000)). The court stated:

> [t]hat logic is seriously flawed. After all, a first-served defendant may be content in either state or federal court, in which case he may decline to remove the case himself but would be perfectly happy to consent to removal by a codefendant. It simply does not follow that a first-served defendant has *refused his consent* to removal simply because he has not affirmatively *exercised the right* of removal.

*Id. See also Smith*, 191 F.Supp.2d at 1160 (rejecting "argument that a first-served defendant who waives the right to remove also waives the right to consent to a subsequently-filed removal petition[.]") The *Bonner* court also disputed the concern that the "last-served" rule would "grant newly named defendants the dangerous and disruptive power to remove longstanding state-court proceedings[,]" by referring to § 1446(b), which "absolutely bars the removal of any diversity case more than one year after it begins." *Id.* Finally, the court took issue with the idea that the "first-

served" rule is more consistent with the strict construction of the removal statutes, stating the Ninth Circuit's "exhortation to strict construction is not an inexorable command to refuse removal in contravention of the best reading of the statutory text." *Id.* at 1119.

Turning to the case at hand, the parties acknowledge the courts are split on the correct interpretation of § 1446(b). Obviously, Plaintiff urges the Court to adopt the "first-served" rule, while Defendants urge the Court to adopt the "last-served" rule. This Court has considered the competing rationales for each rule, and finds the rationales behind the "last-served" rule more persuasive. As with other courts that have considered the issue, this Court is not inclined to read the "first" limitation into the statutory text. Furthermore, this Court is convinced that the potential for gamesmanship by both parties is less likely under the "last-served" rule than the "first-served" rule. Finally, by encouraging plaintiffs to serve all defendants in a timely manner, the "last-served" rule promotes the general purpose of the federal rules, which is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, this Court joins with those that have adopted the "last-served" rule for filing notices of removal.

Applying that rule to the facts of this case, Defendant Louisville's notice of removal was timely. At the earliest, Defendant Louisville was served on July 20, 2007, which would have given it until August 19, 2007, to file its notice of removal. The notice of removal was filed on August 1, 2007, well within that filing deadline. In sum, there is no procedural defect in Defendant Louisville's notice.

## III.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED**.

DATED: October 9, 2007

_____
HON. DANA M. SABRAW
United States District Judge