# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BRADLEY LEAR, | CASE NO. 07cv1404 DMS (POR) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT LOUISVILLE LADDER, INC'S MOTION TO STRIKE** |
| vs. | |
| LOUISVILLE LADDER, INC, a Delaware Corporation; et al., | **[Docket No. 9]** |
| Defendants. | |

This matter comes before the Court on Defendant Louisville Ladder, Inc.'s motion to strike. Defendant filed its motion on August 8, 2007, Plaintiff filed his opposition to the motion on August 21, 2007, and Defendant filed its reply on September 7, 2007. On September 14, 2007, the Court found the motion suitable for decision without oral argument. For the reasons discussed below, the Court denies Defendant's motion to strike.

**I.**

**DISCUSSION**

Defendant moves to strike Plaintiff's allegations and prayer for punitive damages. It argues California law applies to this issue, and Plaintiff has not met the pleading standards set forth therein. In response, Plaintiff asserts that federal law controls this issue, and he has met the federal pleading requirements.

///

**A.    Standard of Review**

Federal Rule of Civil Procedure 12(f) enables the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, "[b]ecause of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." *Estate of Migliaccio v. Midland National Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). Courts disfavor motions to strike because they are "often used as delaying tactics, and because of the policy disfavoring resolution on the merits" at the pleadings stage. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). Such motions are denied "if any doubt exists whether the allegations in the pleadings might be relevant in the action." *Montecino v. Spherion Corp.*, 427 F. Supp.2d 965, 967 (C.D. Cal. 2006) (citing *In re 2TheMart.com Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

**B.    Punitive Damages**

California Civil Code Section 3294 permits recovery of punitive damages as follows:

> In an action for breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a). Defendant correctly observes that California case law generally establishes a heightened pleading standard to recover punitive damages under Section 3294. *See, e.g.*, *Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1041-1042 (1992); *Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977) ("conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement . . . [for] section 3294"); *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 28-29 (1975) ("certain tortious injuries demand firm allegations"). Defendant argues Plaintiff has failed to meet that standard in this case. Rather, Defendant states Plaintiff has failed to allege sufficient facts, and the facts alleged are too conclusory and general.

However, Defendant's reliance on California law is misplaced. The Federal Rules of Civil Procedure, not California law, govern the sufficiency of Plaintiff's pleading. Rule 8 of the Federal Rules of Civil Procedure provides pleadings "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Additionally, Rule 9 states "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P 9(b). This Rule does not require "*any* particularity in connection with an averment of intent, knowledge or condition of the mind." *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc)) (emphasis in original). Rather, "[i]n federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Id.*

Here, Plaintiff alleges, consistent with California Civil Code Section 3294, that Defendant acted "in willful and conscious disregard for the safety of the public in general and for the safety of plaintiff in particular," and that Defendant is guilty of "malice, oppression, and fraud[.]" (Compl. at 6-7.) These allegations appropriately track the elements of Section 3294, and are consistent with Rules 8(a) and 9(b). Thus, the challenged allegations and prayer are not "redundant, immaterial, impertinent, or scandalous," and will not be stricken. *See Morris v. Parke, Davis & Co.*, 573 F.Supp. 1324, 1326 (C.D. Cal. 1983) (denying motion to strike prayer for punitive damages in product liability case).

### III.
### CONCLUSION AND ORDER

For the reasons set out above, Defendant's motion to strike is DENIED.

**IT IS SO ORDERED**.

DATED: October 9, 2007

_____
HON. DANA M. SABRAW
United States District Judge